THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JERRY GUTIERREZ, Defendant-Appellant.

Fifth District   No. 5—91—0375

Opinion filed April 14, 1993.

Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon, and G. Edward Moorman, of Alton, for appellant.

Terry M. Green, State's Attorney, of Benton (Norbert J. Goetten, Stephen E. Norris, and Mary H. Doyle, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GOLDENHERSH delivered the opinion of the court:

After a bench trial based on stipulated evidence in the circuit court of Franklin County, defendant, Jerry Gutierrez, was found to have committed the offenses of unlawful cannabis trafficking in that he knowingly brought 2,500 or more grams of cannabis into the State of Illinois for purposes of delivering it to Indiana in violation of section 5.1 of the Cannabis Control Act (the Act) (Ill. Rev. Stat. 1989, ch. 56½, par. 705.1); unlawful possession of cannabis with intent to deliver in that he knowingly and unlawfully possessed with

intent to deliver more than 500 grams of a substance containing cannabis in violation of section 5(e) of the Act (Ill. Rev. Stat. 1989, ch. 56½, par. 705(e)); and unlawful possession of cannabis in that he knowingly and unlawfully had in his possession more than 500 grams of a substance containing cannabis in violation of section 4(e) of the Act (Ill. Rev. Stat. 1989, ch. 56½, par. 704(e)). Defendant was sentenced to 10 years in the Department of Corrections on count I, unlawful cannabis trafficking, and was fined $128,500. Defendant appeals, contending his motion to suppress should have been granted because he did not consent to the search of the trunk of his automobile where the cannabis was found. We affirm.

At approximately 12:07 p.m. on December 31, 1990, defendant was stopped by an Illinois State trooper, Michael Swift, on Interstate 57 northbound at milepost 74 for traveling too fast for conditions (the road was icy) and for following too closely. Defendant was issued a written warning for improper lane usage, traveling too fast for conditions, and following too closely. Defendant was traveling alone, and Swift noted that he was nervous upon questioning. Swift questioned defendant as to his destination. Defendant told Swift he was traveling from Texas to Indiana to visit his sister. At the scene, Swift requested a check of defendant's criminal history by radio. The check revealed that defendant was previously arrested for possession of cocaine. Swift then asked defendant whether he would agree to a search of his vehicle. According to Swift, defendant consented both orally and by signing a written consent form which read as follows:

"CONSENT TO SEARCH

I,   Jerry Gutierrez,    hereby grant my consent to

  Tpr. M.L. Swift #4026  and          ,
  Name, Rank, ID No.     Name, Rank, ID No.

officers of the Department of State Police, State of Illinois, to search the following:

☒ Vehicle, described as:

 Silver Color; 1982 Year; Mercury Make; 2 Dr. Pass. Body style; CFJ24B/TX./91 License number; BP234DH65953 Vehicle Identification Number; including luggage and contents thereof,

* * *

I understand that I have the right to refuse to consent to the search described above and to refuse to sign this form. I fur-

ther state that no promises, threats, force, or physical or mental coercion of any kind whatsoever have been used against me to get me to consent to the search described above or to sign this form."

Swift testified that he did not ask defendant for a limited search of the passenger compartment but requested a search of the entire vehicle.

A search of the vehicle was conducted. Upon opening the trunk of defendant's car, Swift smelled a strong odor of cannabis. Swift opened a suitcase found in the trunk of defendant's car and discovered 25,704 grams of a substance later identified as cannabis. Swift stated that defendant told him the cannabis was his and that he intended to sell it in Indiana. Defendant testified that after he was given warning tickets, Trooper Swift asked him if he could search his car for "weapons." Defendant was given a consent form to sign, which he did. According to defendant, he did not read the form but did ask Swift what he intended to search. Swift replied, "The passenger area." Defendant then signed the form and told Swift to "go ahead."

Defense counsel filed a motion to suppress before trial. A hearing was held on defendant's motion. Ultimately, the trial court denied defendant's motion on the basis that there was probable cause for the traffic stop and, while there was no probable cause to search the vehicle, defendant consented to the search of his vehicle. The trial court specifically stated:

"The defendant also contends that the search of the defendant's vehicle was done without probable cause. The officer conducted a complete search of the vehicle, including the trunk, after warning tickets were issued to the defendant.

It is clear that there was no probable cause, at that point, for the search of the defendant's automobile. The basis of the search by the police officer was not because probable cause existed prior to the search, but this search was based on a written Consent to Search signed by the defendant at the time the warning citations were issued to him. The defendant consented to the search of the vehicle by description, which consent included luggage and contents thereof, as more fully shown by the Consent introduced in evidence as People's Exhibit Number 2."

After the trial court denied defendant's motion to suppress, the parties agreed to a stipulated bench trial. Defendant was ultimately convicted and sentenced on count I.

■■ It is well settled that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." (*Katz v. United States* (1967), 389 U.S. 347, 357, 19 L. Ed. 2d 576, 585, 88 S. Ct. 507, 514; *People v. Sanders* (1976), 44 Ill. App. 3d 510, 514, 358 N.E.2d 375, 378.) A person may, however, consent to a search conducted without a search warrant, but in order for the consent to be considered a waiver of the person's fourth amendment rights, the State must prove by a preponderance of the evidence that the consent was voluntarily given. (*People v. Harris* (1990), 199 Ill. App. 3d 1008, 1012, 557 N.E.2d 1277, 1279.) Where a search is justified on the basis of consent, the trial court's finding will not be disturbed on appeal unless it is clearly unreasonable. *People v. DeMorrow* (1974), 59 Ill. 2d 352, 358, 320 N.E.2d 1, 5; *People v. Sanders* (1976), 44 Ill. App. 3d 510, 514, 358 N.E.2d 375, 378.

The instant case is analogous to *People v. Woolery* (1990), 193 Ill. App. 3d 892, 550 N.E.2d 616, in which our colleagues on the Fourth District Appellate Court held that a defendant's consent to search his automobile was authority to search the entire vehicle, including the trunk. In *Woolery*, as here, there was conflict between the testimony of the arresting officer and the defendant. The defendant testified he made it clear that consent was for the passenger compartment only, whereas the arresting officer testified that no such limitation was given. The *Woolery* court noted that the trial court believed the officer's testimony over the defendant's and that "[t]he trial court's determination that consent to search the entire vehicle was voluntarily given was not clearly unreasonable." 193 Ill. App. 3d at 895-96, 550 N.E.2d at 618.

■■ Here, we cannot agree with defendant that the trial court's finding that the trooper's testimony was more credible than defendant's was manifestly erroneous. Instead, we agree with the *Woolery* court that a defendant can voluntarily consent to an otherwise improper search knowing that such a search may well result in the discovery of a large quantity of drugs. We have carefully reviewed the record in this case and cannot say the trial court's determination was incorrect. While there was conflict in the testimony between defendant and Trooper Swift as to what the search was meant to entail, the consent form clearly shows that defendant

agreed to a search of the entire vehicle. The consent form does not limit the area to be searched to the passenger compartment.

For the foregoing reasons, the judgment of the circuit court of Franklin County is affirmed.

Affirmed.

CHAPMAN, P.J., and LEWIS, J., concur.